**E-filed 04-13-2011**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SAK ONKVISIT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, THE STATE PERSONNEL BOARD, CHARLES REED, DON KASSING, MARIA CARMEN SIGLER, DAVID CONRATH, NANCIE FIMBEL, JACQUELINE SNELL, AND KENNETH GEHRT,<br><br>　　　　　Defendants. | Case Number 10-CV-5685-JF (PSG)<br><br>ORDER[1] GRANTING MOTIONS TO DISMISS<br><br>[Re: Docket Nos. 15, 19] |

　　　　Plaintiff Sak Onkvisit ("Onkvisit") filed the operative complaint[2] against the State Personnel Board ("SPB")[3], the Board of Trustees of the California State University, and

---

[1] This disposition is not designated for publication in the official reports.

[2] Onkvisit filed his original complaint on December 14, 2010. He filed a purported first amended complaint on February 10, 2011, which was beyond the twenty-one day period permitted under Fed. R. Civ. Pro. 15(a). Thus, the operative complaint is the original complaint filed on December 14, 2010.

[3] Defendant State Personnel Board is an agency of the State of California. (Compl ¶ 8.)

individual Defendants Charles Reed, Don Kassing, Maria Carmen Sigler, David Conrath, Nancie Fimbel, Jacqueline Snell, and Kenneth Gehrt (collectively "BOT")[4]. The complaint alleges seven claims for relief including: (1) violation of the Due Process Clause of the Fourteenth Amendment; (2) violation of Title VII of the Civil Rights Act of 1964, as amended (discrimination based on race/ethnic origin); (3) breach of an implied and/or express contract of continued employment; (4) breach of the implied covenant of good faith and fair dealing; (5) intentional interference with employment rights; (6) invasion of privacy; and (7) fraud and deceit. All Defendants move to dismiss, asserting either that this Court lacks subject-matter jurisdiction or that Onkvisit's complaint fails to state a claim on which relief may be granted because all claims are subject to the affirmative defense of *res judicata*.

## I. BACKGROUND

Prior to the commencement of this federal action, the parties were involved in extensive administrative proceedings and state-court litigation. The controversy between the parties arises from events that took place at San Jose State University beginning in the spring of 2003.[5] Two events are particularly significant. The first involved a "protected disclosure" made by Onkvisit to Defendants Conrath and Snell related to their allegedly "improper governmental activity" in selecting and hiring Therese Louie for a teaching position within the Department of Marketing. (*Id*. at 10.) Onkvisit claims the selection of Louie was unlawful because all other potential candidates were subjected to discrimination. (*Id*.) He alleges that subsequent to the protected disclosure, Conrath and Snell "intentionally submitted a false [r]ecruitment [r]eport that disguised the illegal hiring," (*Id*. at 11), and that later the individual Defendants (except Reed) knowingly filed fraudulent documents to secure a salary increase for Louie. (*Id*. at 12.)

The second event occurred in April 2003 when a student failed to show up for Onkvisit's

---

[4]Defendant Board of Trustees is a public entity that owns and operates San Jose State University. (Compl. ¶ 8.) All of the individual Defendants are employees of California State University, and a number of them have worked with Onkvisit in the College of Business at San Jose State. (Compl. ¶¶ 9-17.)

[5]Onkvisit is a professor in the Department of Marketing. (Compl. ¶ 7.)

2

Case No. 10-CV-5685-JF (PSG)
ORDER GRANTING MOTIONS TO DISMISS
(JFEX2)

mid-term examination. (*Id*. at 18.) The student represented that he had been in a motorcycle accident that had resulted in his hospitalization and had caused him to miss the examination.[6] (*Id*.) Onkvisit refused to allow the student to make up the exam. (BOT Mot. to Dismiss, 3:8-12.) The student filed a complaint with the student fairness committee, which recommended that Onkvisit permit the student to make up the exam. Onkvisit rejected the committee's recommendation. (*Id*. at 3:13-15.) Defendant Fimbel, the Associate Dean for Academic and Undergraduate Studies in the College of Business, subsequently informed Onkvisit that she had decided to permit the student to take the exam and that she would convene an ad-hoc committee to determine the student's final grade. (*Id*. at 3:16-22.) Dean Fimbel requested on several occasions that Onkvisit turn over the student's other scores so that the committee could calculate the student's final grade. (*Id*. at 3:19-22.) Onkvisit refused these requests for nearly two years. (*Id*.)

On February 28, 2005, "due to defendants' repeated threats and harassment, [Onkvisit] offered to provide [the] grade information under protest." However, Conrath and Fimbel refused to accept the information. (Compl. ¶ 27.) In April 2005, Onkvisit received a Notice of Pending Disciplinary Action that imposed a temporary demotion from full professor to associate professor for "the 2005-2006 academic year for his failure to turn over the grades, which the University viewed as insubordination." (BOT MTD, 3:23-25.) On April 29, 2005, a final decision was made to impose the proposed sanction; the disciplinary action became effective on August 22, 2005. (*Id*. at 3:26-28.)

In May 2005, Onkvisit began the administrative appeal process by filing a grievance "alleging that San Jose State violated the Collective Bargaining Agreement between the [BOT] and the California Faculty Association . . . ." (*Id*. at 4:1-4.) The Public Employment Relations Board denied the grievance on the basis that it was untimely. (*Id*. at 4:5-6.) Onkvisit then appealed his demotion to the SPB. After a seven-day hearing, the administrative law judge

---

[6]Onkvisit claims that the student admitted at the SPB hearing that no motorcycle accident had occurred on the day of the exam. (*Id*.)

concluded that the disciplinary action was appropriate. (*Id*. at 4:7-15.) This decision was adopted by the SPB. (*Id*.)

In April 2008, Onkvisit filed a civil action in the Santa Clara Superior Court, alleging several causes of action related to the dispute. (*Id*. at 4:16-21.) In June 2008, Onkvisit filed a petition for an administrative writ of mandate challenging the demotion and alleging various acts of retaliation. (*Id*. at 4:22-27.) The superior court denied both this petition and a subsequent petition for an ordinary writ of mandate. (SPB Request for Judicial Notice, Ex's. 4-5.) The California Court of Appeal affirmed both judgments, (*Id*. at Ex's. 6-7), and the California Supreme Court denied review. (BOT RJN, Ex. E.) Onkvisit's civil action was resolved incrementally by several successful demurrers, and his two surviving causes of action resulted in summary judgment against him. (*See Id*., Ex's. J, L, N, P.) Final judgment was entered on January 26, 2011. (*Id*., Ex. R.)

## II.  LEGAL STANDARD

Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994). If a complaint lacks facial plausibility, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however,

4

dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### III.  DISCUSSION

**A. Request for Judicial Notice**

Both the SPB and the BOT ask that the Court take judicial notice of a number of documents, all of which are related either to the administrative proceedings or to the state-court litigation. Courts ordinarily "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)); *see also MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). However, courts in the Ninth Circuit may consider documents that are not physically attached to the complaint when authenticity of the documents is not questioned and the complaint relies on the documents, *(Lee,* 250 F.3d at 688), [7] and "a court may take judicial notice of 'matters of public record.'" *Id*. (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). Decrees, orders, and judgments of other courts are subject to judicial notice under Fed. R. Ev. 201, (*See Papai v. Harbor Tug and Barage, Co.* 67 F.3d 203, 207 (9th Cir. 1995)), as are records from proceedings before administrative bodies. *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (citing *Interstate Natural gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)). Onkvisit has not opposed the request for judicial notice. Accordingly, the request will be granted.

**B. Whether Onkvisit's Due Process Claim is Subject to Dismissal for Lack of Subject-Matter Jurisdiction**

Pursuant to Fed. R. Civ. Pro. 12(b)(1), the SPB moves to dismiss Onkvisit's due process claim for lack of subject-matter jurisdiction. Relying upon the *Rooker-Feldman* doctrine[8] it

---

[7] This exception commonly is referred to as the "incorporation by reference doctrine." *See* e.g., *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999).

[8] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

5

contends that the instant action is a "de facto appeal" of the state court judgment, and that "[f]ederal appellate jurisdiction to reverse or modify a state-court judgment . . . rests exclusively with the United States Supreme Court." (SPB MTD, 4:6-25.)[9]  It cites Onkvisit's own request in his prayer for relief  "that this Court reverse the decision of the State Personnel Board and the state courts and correct the abuse." (Compl., 18:24-26.)

The *Rooker-Feldman* doctrine applies to "[c]ases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284.  The following requirements must be met in order for the doctrine to apply: (1) a federal court plaintiff must have lost in state court; (2) a plaintiff must complain of injuries caused by the state court judgment; (3) a plaintiff must ask the district court to review and reject that judgment; and (4) the state court judgment(s) must have been rendered before the district court proceedings commenced.  *Id*.  SPB contends that each requirement is satisfied here.  (SPB MTD, 5:13-20.)

Onkvisit argues that parallel state and federal litigation is permissible, and that the assertion of an "independent federal claim will foreclose application of the Rooker-Feldman doctrine even if it denies a legal conclusion that a state court has reached." *See  Noel v. Hall*, 341 F.3d. 1148, 1163-64 (9th Cir. 2003).  However, Onkvisit frames his federal due process claim in part as "the denial of his due process rights . . . caused by state courts' failure to adjudicate his claims on the merits. The process used by the state courts to reach the decisions deprive[d] Onkvisit of due process." (Pl.'s Opp., 8:16-18.)  Although Onkvisit claims that he is "not seeking to change the state courts' decisions[,]" and is "not asking the district court to review and reject the state court judgment[,]" (Pl.'s Opp. 8:19-21), his prayer for relief directly contradicts that claim.  In the Ninth Circuit, "[i]t is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in a federal court complains of a legal wrong allegedly committed by the state court,

---

[9] *See* 28 U.S.C. § 1257 and *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 283 (2005).

6

and seeks relief from the judgment of that court." *Noel*, 341 F.3d at 1163.

It is clear both from his opposition papers and from his responses to the Court's questions during oral argument that Onkvisit indeed seeks to overturn the legal and factual determinations made by the administrative agencies and the state courts. He explicitly seeks a determination that his due process rights were violated not only by the University and the named Defendants but also in the administrative proceedings before the SPB and in the civil proceedings in the Santa Clara Superior Court. The state appellate court concluded that a virtually identical due process claim was without merit. *See Onkvisit v. Cal. State Personnel Bd.*, 2010 WL 1679668 at *4, 8-15 (Case No. H034449); *see also* SPB's Reply, 3:8-18.

Although Onkvisit alleges that the state appellate court failed to consider the effect of Cal. Educ. Code § 89539, (Compl. ¶ 53), the California Supreme Court rejected his petition for review that asserted the same claim. The fact that this petition was denied without comment is irrelevant; the denial is sufficient to trigger a finding that "adjudication occurred." *Craig v. State Bar of Cal.*, 141 F.3d 1353, 1355 n.3 (9th Cir. 1998). The United States Supreme Court thus is the only federal court with appellate jurisdiction. *See* 28 U.S.C. § 1257; *see also Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 283 (2005).

**C. Whether the Doctrine of Res Judicata Bars Onkvisit's Remaining Claims**

Federal courts must give full faith and credit to state court judgments. *See San Remo Hotel, L.P. v. County of San Francisco*, 545 U.S. 323 (2005).[10] Pursuant to 28 U.S.C. § 1738, federal court must "give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986). A federal court determining the preclusive effect of a state court judgment looks to state law. *Palomar Mobilehome Park Ass'n v. City of San Marcos,* 989 F.2d 362, 264 (9th Cir. 1993).

California's res judicata doctrine is based on a primary rights theory. *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005). The California

---

[10]This principle extends to "state court *reviewed* administrative adjudications . . . ." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1283 (9th Cir. 1986) (emphasis in original).

Supreme Court explained that:

> . . . a "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting breach of that duty. The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action.

*Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 904 (2002) (citations omitted). A party may bring only one cause of action to vindicate one primary right. *Manufactured Home Communities Inc.*, 420 F.3d at 1031. Moreover, "if an action involves the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit, the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (4th Dist. 1983).

      Each of Onkvisit's six remaining claims involves "the same injury to [Onkvisit] and the same wrong by the [D]efendant[s]."[11] In fact, five of the six claims remaining are identical to those litigated previously in the state courts. The sixth claim, which alleges violation of Title VII of the Civil Rights Act of 1964, differs only in title, as the operative facts supporting the claim are identical to those alleged in the state-court proceedings. After allowing Onkvisit to amend his complaint on three separate occasions, the superior court granted the BOT's motion for summary judgment, concluding that "the decision to not select Plaintiff as director was based upon legitimate business reasons and not on any protected disclosure on the part of Plaintiff, [and] a different candidate was chosen because of her broader base of experience and superior interpersonal skills . . . ." (BOT RJN, Ex. Q, pp. 157-158.) The state appellate court rejected Onkvisit's claim of bias or discrimination both in the CSU's internal review, (*Onkvisit v. Cal. State Personnel Bd.*, 2010 WL 1679668 at *12-13 (Case No. H03449)), and on the part of the SPB. *Id*. at *17-18.

---

[11]Onkvisit's six remaining claims allege: (1) violation of Title VII of the Civil Rights Act of 1964, as amended (discrimination based on race/ethnic gender); (2) breach of an implied and/or express contract of continued employment; (3) breach of the implied covenant of good faith and fair dealing; (4) intentional interference with employment rights; (5) invasion of privacy; and (6) fraud and deceit.

**IV. ORDER**

Good cause therefor appearing, the motions to dismiss are GRANTED. Given the nature of Onkvisit's claims and the extensive record from the underlying administrative and state-court civil proceedings the Court concludes that granting leave to amend would be inappropriate. Clerk shall enter judgment and close the file.

IT IS SO ORDERED

DATED: April 13, 2011

JEREMY FOGEL
United States District Judge

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SAK ONKVISIT,<br><br>    Plaintiff,<br><br>  v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, THE STATE PERSONNEL BOARD, CHARLES REED, DON KASSING, MARIA CARMEN SIGLER, DAVID CONRATH, NANCIE FIMBEL, JACQUELINE SNELL, AND KENNETH GEHRT,<br><br>    Defendants. | Case Number 10-CV-5685-JF (PSG)<br><br>CERTIFICATE OF SERVICE |

  I, the undersigned, hereby certify that I am an employee of the Office of the Clerk, United States District Court, Northern District of California.

  On April 13, 2011, I served a true and correct copy of the attached document to each of the persons hereinafter listed by placing said copy in a postage paid envelope and depositing said envelope in the United States mail, or by placing said envelope in the outgoing mail delivery receptacle located in the Clerk's Office:

Sak Onkvisit
874 Hampswood Way
San Jose, CA 95120

DATED: April 13, 2011        For the Court
                  Richard W. Weiking, Clerk

                  By:   /s/
                  Diana Munz
                  Courtroom Deputy Clerk