**E-filed 6/6/2011**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SAK ONKVISIT,<br><br>                    Plaintiff,<br><br>          v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, et al.,<br><br>                    Defendants. | Case No. 5:10-cv-05685-JF (PSG)<br><br>ORDER[1] (1) VACATING JUNE 10 HEARING; (2) DENYING MOTION FOR SANCTIONS; (3) DENYING MOTION FOR NEW TRIAL; AND (4) DENYING AS MOOT MOTION FOR PERMISSION TO E-FILE<br><br>[re: dkt. entries 28, 36, 38] |

On April 13, 2011, the Court dismissed Plaintiff's operative complaint without leave to amend, dismissed the action with prejudice, and entered judgment for Defendants. Before the Court at this time are: (1) Defendants' motion for sanctions[2]; (2) Plaintiff's motion for a new trial; and (3) Plaintiff's motion for permission to file documents in this case electronically. The Court concludes that these motions are appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b), and thus will vacate the hearing set for June 10, 2011. For the reasons discussed below, all three motions will be denied.

---

[1] This disposition is not designated for publication in the official reports.

[2] The motion for sanctions is brought by the Board of Trustees of the California State University, Charles Reed, Don Kassing, Maria Carmen Sigler, Nancie Fimbel, Jacqueline Snell, and Kenneth Gehrt.

# I. MOTION FOR SANCTIONS

Defendants request that the Court impose sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11, which provides in relevant part as follows:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  If it determines that Rule 11(b) has been violated, the Court may impose an appropriate sanction.  Fed. R. Civ. P. 11(c).  "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P. 11(c)(4).

Defendants have not established that Plaintiff filed this action for an improper purpose (harassment), or that Plaintiff's claims are so frivolous as to warrant imposition of sanctions. Plaintiff's filings and his demeanor during the hearing on Defendants' motion to dismiss suggest that Plaintiff sincerely believes that he has been wronged.  Moreover, while the Court ultimately concluded that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine[3] and by the doctrine of *res judicata*, the Court concludes that Plaintiff's conduct in pursuing his claims was not

---

[3] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

2

1  sanctionable, particularly given his *pro se* status.

2  ## II. MOTION FOR NEW TRIAL

3      Plaintiff has filed a motion for a "new trial," which requests that the Court vacate the

4  judgment and permit Plaintiff to file an amended pleading clarifying his legal theories.  The

5  Court construes Plaintiff's motion as a motion to alter or amend the judgment pursuant to Federal

6  Rule of Civil Procedure 59(e).  "There are four grounds upon which a Rule 59(e) motion may be

7  granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the

8  judgment is based; 2) the moving party presents newly discovered or previously unavailable

9  evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening

10  change in controlling law."  *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063

11  (9th Cir. 2003) (internal quotation marks and citation omitted).  Plaintiff appears to be asserting

12  that the Court erred in denying him leave to amend and that allowing the judgment to stand

13  would result in injustice.

14      When determining whether leave to amend should be granted, the Court must consider

15  "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure

16  deficiencies by previous amendments, undue prejudice to the opposing party[,] and futility of the

17  proposed amendment."  *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th

18  Cir. 2001) (quoting *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989));

19  *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing factors that constrain a district court's

20  discretion to deny leave to amend).  After reviewing the record, including the underlying

21  administrative proceedings and the state court actions that Plaintiff pursued, this Court concluded

22  that all of Plaintiff's claims are barred by the *Rooker-Feldman* doctrine or by the doctrine of *res*

23  *judicata*, and thus that amendment would be futile.  Nothing in Plaintiff's recent filings changes

24  the Court's view.  Accordingly, the Court will deny the motion to alter or amend the judgment.

25  ## III. MOTION FOR PERMISSION TO E-FILE

26      Plaintiff requests permission to file documents electronically and to be added to the

27  electronic service list.  This request will be denied as moot; the case has been terminated and the

28  Court is not inclined to alter or amend the judgment.  The Court does not anticipate any

3

significant future filings in this action.

## IV. ORDER

(1)     The hearing set for June 10, 2011 is VACATED;

(2)     Defendants' motion for sanctions is DENIED;

(3)     Plaintiff's motion to alter or amend the judgment is DENIED; and

(4)     Plaintiff's request for permission to file documents electronically is DENIED AS

         MOOT.

DATED:  June 6, 2011

_____
JEREMY FOGEL
United States District Judge

Case No. 10-CV-5685-JF (PSG)
ORDER (1) VACATING JUNE 10 HEARING ETC.
(JFLC2)

1
2
3
4
5
6
7
8
**IN THE UNITED STATES DISTRICT COURT**

9
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10
**SAN JOSE DIVISION**

11

12
SAK ONKVISIT,                                    Case Number 5:10-cv-05685-JF (PSG)

13
                        Plaintiff,

14
        v.                                       CERTIFICATE OF SERVICE

15
BOARD OF TRUSTEES OF THE CALIFORNIA
STATE UNIVERSITY, et al.,

16

17
                        Defendants.

18
        I, the undersigned, hereby certify that I am an employee of the Office of the Clerk, United

19
States District Court, Northern District of California.

20
        On Monday, June 6, 2011, I served a true and correct copy of the attached ORDER (1)
VACATING JUNE 10 HEARING ETC. on each of the persons hereinafter listed by placing said

21
copy in a postage paid envelope and depositing said envelope in the United States mail, or by
placing said envelope in the outgoing mail delivery receptacle located in the Clerk's Office:

22

23
Sak Onkvisit
874 Hampswood Way
San Jose, CA 95120

24

25
DATED:   6/6/11                                  For the Court
                                                 Richard W.  Weiking, Clerk

26

27
                                                 By:  _____/s/_____
                                                 Diana Munz

28
                                                 Courtroom Deputy Clerk

5

Case No. 10-CV-5685-JF (PSG)
ORDER (1) VACATING JUNE 10 HEARING ETC.
(JFLC2)